J-A30034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MYRON DARNELL MINOR, | |
| Appellant | No. 444 EDA 2013 |

Appeal from the Judgment of Sentence December 14, 2012
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004414-2011

BEFORE: LAZARUS, J., MUNDY, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:            **FILED FEBRUARY 18, 2015**

Appellant, Myron Darnell Minor, appeals from the judgment of sentence imposed following his jury conviction of first degree murder, criminal conspiracy to commit murder, and carrying a firearm without a license.[1] We affirm.

On June 1, 2010, officers from the City of Chester Police Department were dispatched to the 200 block of Patterson Street for a reported shooting. Officer Michael Dingler was first on the scene and observed the victim, Jabree Hughes, with multiple gunshot wounds to his back. On April 7, 2011,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 903(a)(1), and 6106(a), respectively.

Appellant was arrested and charged with first degree murder and related offenses.

Trial commenced on October 22, 2012. In its December 5, 2013 opinion, the court explained, in relevant part, that:

> Alvin Herring, a Chester resident who . . . witnessed the shooting on June 1, 2010 and who had initially been reluctant to speak with police,[a] spoke to Sergeant [William] Gordon and provided a written statement in January of 2011. Herring told police that. . . he observed Appellant and [co-defendant] John [L.] Cooper[2] . . . shoot[] Hughes. . . .
>
> \* \* \*
>
> . . . Herring said that he was not promised anything in return for his statement.
>
> > [a] Detective [Charles] Bothwell explained at trial that Herring was scared and concerned for his life and very concerned for the well-being of his family.
>
> \* \* \*
>
> . . . [T]he Commonwealth called Deputy District Attorney Daniel McDevitt to testify about a plea agreement that had been made with eyewitness Alvin Herring [in an unrelated case].[b] The Commonwealth called McDevitt to refute the inference raised by defense counsel that Herring had received special treatment in exchange for his testimony at trial. McDevitt testified that Herring had not been promised anything in exchange for his testimony. He explained that "under the agreement, the Commonwealth . . . agreed with Mr. Herring that when he went to sentencing, the Commonwealth would inform the [j]udge of the nature and extent of his cooperation in this case, but would

---

2 Co-defendant, John L. Cooper, Jr., was convicted of the same charges as Appellant and has a pending appeal in this Court at docket numbers 250 and 252 EDA 2014.

make no other recommendation as to the sentence that the [j]udge would impose." (N.T. Trial, 10/23/12, at 219).

[b] Alvin Herring pled guilty to possession of a controlled substance, an ungraded misdemeanor, and possession of drug paraphernalia, also an ungraded misdemeanor. Herring entered a plea agreement on May 1, 2012 and was sentenced to a year of probation on each charge, running concurrently.

When asked [on re-direct examination] why the felony charges that had originally been charged in Herring's underlying case had been *nolle prossed*,[c] McDevitt testified that "[t]here was insufficient evidence to prove that charge in the Court of Common Pleas." (***Id.*** at 232). [Thereafter, Appellant's counsel joined Cooper's motion for a mistrial, which the trial court denied. (***See id.*** at 233-35)]. . .

[c] The Commonwealth asked McDevitt[,] "after reviewing [Herring's] file, what was the viability of our prosecution as to the felony, with respect to the facts." (N.T. Trial, 10/23/12, at 230).

\* \* \*

. . . [T]he Commonwealth [also] sought to call Wayne Vick as a witness. Before he was called to the witness stand, the court appointed Raymond Williams, Esquire from the Delaware County Office of the Public Defender to represent Vick, and Vick told the court that he wished to assert his privilege against self-incrimination. Thereafter, the court conducted an *in camera* hearing to determine if Vick's assertion was legitimate. Present in the room for this hearing was Vick, the judge, the judge's law clerk, two members of the sheriff's department, and Attorney Williams. At the conclusion of the hearing, the court ruled that the assertion of Vick's privilege was valid because the testimony that he would provide at trial would be incriminating and could lead to evidence which would support a prosecution for crimes for which he had not yet been prosecuted.[d]

[d] . . . [Appellant] did not object to the court's ruling following the *in camera* hearing. . . .

- 3 -

(Trial Court Opinion, 12/05/13, at 3-4, 22-25) (some record citations omitted; some record citation formatting provided).

On October 31, 2012, the jury convicted Appellant of the above charges. On December 14, 2012, the court sentenced Appellant to life without parole for his conviction of first degree murder. The court also imposed a concurrent sentence of not less than 240 nor more than 480 months' incarceration for the conspiracy conviction and not less than forty-two nor more than eighty-four months of incarceration on the conviction for carrying a firearm without a license. The court denied Appellant's post-sentence motions and, on February 1, 2013, Appellant timely appealed.[3]

Appellant raises two issues for our review:

1. [Whether the] [t]rial [c]ourt erred when it denied trial counsel's request for a mistrial following the testimony of Deputy District Attorney Daniel McDevitt . . . [?]

2. [Whether the] [t]rial [c]ourt erred when it permitted Commonwealth witness Wayne Vick to invoke his 5th amendment right against self[-]incrimination . . . [?]

(Appellant's Brief, at 4).[4]

_____

[3] Pursuant to the trial court's order, Appellant filed a timely Rule 1925(b) statement on May 15, 2013. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on December 5, 2013. **See** Pa.R.A.P. 1925(a).

[4] Appellant's statement of questions involved violates Pennsylvania Rule of Appellate Procedure 2116(a), in that it contains extraneous detail. (**See** Appellant's Brief, at 4). We remind counsel that "[t]he statement of the questions involved must state **concisely** the issues to be resolved,
*(Footnote Continued Next Page)*

In his first issue, Appellant claims that the trial court abused its discretion in denying his motion for a mistrial. (**See id.** at 5, 10-13). Specifically, Appellant argues that the "[t]rial [c]ourt erred when it permitted the Commonwealth witness, Deputy District Attorney Daniel McDevitt to render an expert opinion [on redirect examination] about the sufficiency of [the] evidence of an offense that was withdrawn as part of a plea deal with a principle Commonwealth witness." (**Id.** at 5). Appellant's issue lacks merit.

Preliminarily, we observe that "[g]ranting a mistrial is an extreme remedy, and we defer to the trial court's discretion on the matter. A trial court need only grant a mistrial where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." **Commonwealth v. King**, 959 A.2d 405, 418 (Pa. Super. 2008) (citations and internal quotation marks omitted).

Further,

> [i]t is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict.

*(Footnote Continued)* ———————————————

expressed in the terms and circumstances of the case but **without unnecessary detail**." Pa.R.A.P. 2116(a) (emphases added).

*Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011), *cert. denied*, 132 S. Ct. 2377 (2012) (citations and internal quotation marks omitted).

Also:

> The scope of redirect examination is largely within the discretion of the trial court. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Moreover, when a party raises an issue on cross-examination, it will be no abuse of discretion for the court to permit re-direct on that issue in order to dispel any unfair inferences.

*Commonwealth v. Fransen*, 42 A.3d 1100, 1117 (Pa. Super. 2012) (*en banc*), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citations and quotation marks omitted).

Finally, pursuant to Pennsylvania Rule of Evidence 602, a fact witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Pa.R.E. 602.

Instantly, Deputy District Attorney McDevitt, who was in charge of the prosecution at Herring's trial, testified about his personal knowledge of the addendum to Herring's plea agreement. (**See** N.T. Trial, 10/23/12, at 217-20); **see also** Pa.R.E. 602. He stated that, pursuant to the addendum, which he had signed, Herring would plead guilty to lesser charges and, in return, the Commonwealth would inform the sentencing judge of his

cooperation in this case, but those were the entire terms of the agreement. (*See* N.T. Trial, 10/23/12, at 217-20). On cross-examination, Cooper's counsel established that, pursuant to the plea agreement, Herring was required to cooperate with the Commonwealth in this case, and, if he did not do so, the agreement would be void. (*See id.* at 221-24). Appellant's counsel also questioned McDevitt about the requirement that Herring cooperate, and what would happen if he failed to do so. (*See id.* at 226-28). Finally, counsel reviewed the sentencing guidelines applicable both to the lesser charges to which Herring had pleaded and to the felony charge that the Commonwealth had *nolle prossed*. (*See id.* at 225-26). On re-direct, in an effort to dispel any unfair inference created by defense counsel that the Commonwealth withdrew the felony charge in exchange for Herring's cooperation, the prosecutor asked McDevitt why the felony charge had been withdrawn. (*See id.* at 232). McDevitt stated that "[t]here was insufficient evidence to prove that charge in the Court of Common Pleas." (*Id.*).

Based on the foregoing, we conclude that Appellant's contention that McDevitt impermissibly offered expert testimony is belied by the record, in which he testified as a fact witness with personal knowledge of Herring's plea agreement and case. *See* Pa.R.E. 602. The trial court properly exercised its discretion in allowing McDevitt's testimony where it was relevant to rebut the inference raised by defense counsel that the felony

- 7 -

charges against Herring were withdrawn pursuant to the plea agreement in exchange for his continued cooperation. *See Fransen*, *supra* at 1117. Appellant's first issue does not merit relief.[5]

In his second issue, Appellant argues that the trial court erred in "permit[ing] **Commonwealth** witness Wayne Vick to invoke his 5th [A]mendment right against self[-]incrimination." (Appellant's Brief, at 13) (emphasis added). This issue is waived and lacks merit.

It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Here, Appellant did not object to the trial court's decision to permit Vick to invoke his 5th Amendment right to remain silent. (**See** N.T. Trial, 10/23/12, at

_____

[5] We also are not legally persuaded by Appellant's reliance on **Commonwealth v. Carter**, 589 A.2d 1133 (Pa. Super. 1991), *appeal denied*, 597 A.2d 1151 (Pa. 1991), and **Commonwealth v. Vitale**, 664 A.2d 999 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1071 (Pa. 1995). (**See** Appellant's Brief, at 12-13). In **Carter**, this Court concluded that the trial court improperly allowed an officer qualified as an expert in the field of narcotics to testify about the ultimate issue: that appellant was guilty of dealing drugs. **See Carter**, **supra** at 1134. In this case, assistant district attorney McDevitt testified as a fact witness about a Commonwealth witness's plea bargain in another case and **Carter** is inapplicable. In **Vitale**, a panel of this Court affirmed the trial court's decision to allow an expert witness to render an opinion based on facts presented to the jury. **See Vitale**, **supra** at 1002. Instantly, McDevitt testified as a fact witness based on his personal experience with Herring's plea bargain and case. **Vitale** is inapposite.

315-17). Therefore, this issue is waived. *See* Pa.R.A.P. 302(a). Moreover, it lacks merit.[6]

"We review the sustaining (or overruling) of the privilege against compulsory self-incrimination for abuse of discretion." ***Commonwealth v. Kirwan***, 847 A.2d 61, 65 n.6 (Pa. Super. 2004) (citation omitted). Pursuant to the Fifth Amendment to the Unites States Constitution, "[n]o person ... shall be compelled in any criminal case to be a witness against himself. . . ." U.S. Const. amend. V.

Additionally,

> [w]hen [a witness is called to testify], he or she is not exonerated from answering questions merely upon the declaration that in so doing it would be self-incriminating. It is always for the court to judge if the silence is justified, and an illusory claim should be rejected. However, for the court to properly overrule the claim of privilege, it must be perfectly clear from a careful consideration of all the circumstances, that the witness is mistaken in the apprehension of self-incrimination and the answer demanded cannot possibly have such tendency.
>
> Furthermore, if an individual possesses reasonable cause to apprehend danger of prosecution, it is not necessary that a real danger of prosecution exist to justify the exercise of the privilege against self-incrimination. Moreover, the privilege extends not only to the disclosure of facts which would in themselves establish guilt, but also to any fact which might

---

[6] It is unclear why Appellant challenges the court's decision on this issue. Vick was a **Commonwealth** witness, and presumably his testimony would support the case **against** Appellant. Therefore, it appears that the court's decision to allow Vick to invoke the privilege against self-incrimination would have been favorable to Appellant.

constitute an essential link in a chain of evidence by which guilt can be established. To require the witness to prove the basis of the claim would force the disclosure of the information against which the Fifth Amendment was designed to protect.

***Commonwealth v. Saranchak***, 866 A.2d 292, 303 (Pa. 2005) (citations and quotation marks omitted).

Here, Vick asserted his Fifth Amendment privilege against self-incrimination. (***See*** N.T. Trial, 10/23/12, at 298-99). The trial court then conducted an *in camera* hearing in the presence of Vick, his appointed counsel, members of the Delaware County Sheriff's Department, and the court's law clerk to determine if Vick's assertion was legitimate. (***See id.*** at 306-15). "At the conclusion of the hearing, the court ruled that the assertion of Vick's privilege was valid because the testimony . . . would be incriminating and could lead to evidence which would support a prosecution for crimes for which he had not yet been prosecuted." (Trial Ct. Op., at 25 (citing N.T. Trial, 10/23/12, at 315-18) (footnote omitted)). Appellant did not object to the court's ruling or attempt to prove that Vick was not entitled to the privilege. ***See Kirwan***, ***supra*** at 66 (noting that, "[o]nce it reasonably appears that the witness may be properly privileged not to answer, it is the duty of the objecting party to establish that the privilege does not exist.") (citation omitted); (***see also*** N.T. Trial, 10/23/12, at 301-18).

Therefore, Appellant did not meet his burden of proving that the trial court abused its discretion when it decided that Vick's invocation of his Fifth

Amendment right against self-incrimination was valid. **See Kirwan**, **supra** at 65 n.6. Accordingly, Appellant's second issue would lack merit even if we did not deem it waived.[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

---

[7] Appellant's claim that the *in camera* hearing was deficient because he and counsel were "excluded" is equally unavailing. (Appellant's Brief, at 14; **see id.** at 13-15). First, this issue is waived because Appellant failed to object to the court's decision to hold an *in camera* hearing out of counsel's presence. (**See** N.T. Trial, 10/23/12, at 306-06). Second, this argument lacks merit. As acknowledged by Appellant himself, "there is no mandatory procedure for deciding whether the privilege against self-incrimination should be allowed [and] one acceptable procedure is to hold an *in camera* review." (Appellant's Brief, at 15 (quoting **Commonwealth v. Treat**, 848 A.2d 147, 149-50 (Pa. Super. 2004), *appeal denied*, 863 A.2d 1146 (Pa. 2004).